[No. 2502.]

CARHART v. ODDENKIRK.

1. **Appellate Practice—Assignments of Errors—Evidence.**

Where parol testimony of a judgment was admitted without objection and a subsequent motion to strike it out was overruled, the ruling of the court denying the motion will not be considered on appeal unless assigned for error.

2. **Evidence—Objection—False Assumption of Fact.**

An objection to the admission of testimony is properly overruled where the objection is based on a false assumption of fact.

3. **Appellate Practice—Abstract of Record—Evidence.**

Assignments of error based on the admission and exclusion of evidence will not be considered where the abstract of record fails to show that the evidence admitted was objected to, and fails to show what the evidence excluded was.

4. **Appellate Practice—Abstract of Record—Instructions.**

Assignments of error based on instructions given or refused will not be considered if the abstract of record fails to show that any instruction asked was refused, or that any objection was made to any instruction given.

**5. Pleading—Defective Complaint Cured by Answer.**

A complaint, defective in failing to state a contract with sufficient clearness, when not demurred to, will be cured by an answer setting forth matters in justification of a breach of the contract by defendant.

*Appeal from the District Court of San Miguel County.*

Mr. L. C. KINIKIN, Mr. JNO. G. TAYLOR, for appellant.

THOMSON, P. J.

The appellant's abstract of the record presents no question for consideration. In this action the appellee sought damages for breach of promise of marriage, and secured a verdict for $500.00, upon which judgment was duly entered.

The plaintiff testified that she was divorced from her former husband on January 10, 1899. There was no objection to the testimony at the time it was given, but after the plaintiff had rested, and the defendant had been examined in his own behalf, a motion was interposed to strike it out, on the grounds of irrelevancy, immateriality and insufficiency. The motion was overruled, and the defendant complains of the ruling. Of course, parol evidence of the judgment of a court is inadmissible against objection. This testimony was received without objection, but it is unnecessary to discuss the subsequent refusal of the court to strike it out, because the ruling is not assigned for error.

Error is assigned to the admission of plaintiff's exhibits—twenty-three in all; to the exclusion of three exhibits offered by the defendant; to the refusal of instructions asked by the defendant; and to the giving of three instructions in behalf of the plaintiff. The abstract shows no objection by the defendant to any of the plaintiff's exhibits, except the third. That was a letter written by the plaintiff on January 28,

1899. The objection was that the divorce had not been granted when it was written; but the divorce was decreed on the 10th day of that month, so that the objection was based on a false presumption of fact, and was properly overruled. The abstract does not show that the first exhibit offered by the defendant was excluded, and it does not show what the other two were. Neither does it show that any instruction asked by the defendant was refused, or that objection in any form was taken to any instruction given.

At the opening of the trial, the defendant objected to the introduction of any evidence by the plaintiff, on the ground that the complaint did not state facts sufficient to constitute a cause of action. The court, nevertheless, permitted the plaintiff to proceed. The ruling is assigned for error. The complaint is, perhaps, defective in not stating the contract with sufficient clearness; but it was not demurred to, and the answer, by setting forth matters in justification of the breach of the contract by the defendant, cured the defect. The only other assignment relates solely to questions of facts which were settled by the verdict of the jury.

The judgment will be affirmed.

Affirmed.